**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------- x

XL SPECIALTY INSURANCE COMPANY,

               Plaintiff,

      v.

JOHN D. AGOGLIA, PHILLIP R. BENNETT, LEO R.
BREITMAN, EDWIN L. COX, SUKHMEET DHILLON,
THOMAS H. DITTMER, NATHAN GANTCHER,
STEPHEN GRADY, TONE GRANT, THOMAS HACKL,
DAVID V. HARKINS, SCOTT L. JAECKEL, DENNIS
A. KLEJNA, THOMAS H. LEE, ERIC G. LIPOFF,
SANTO C. MAGGIO, PETER MCCARTHY, JOSEPH
MURPHY, FRANK MUTTERER, RONALD L.
O'KELLEY, RICHARD N. OUTRIDGE, SCOTT A.
SCHOEN, WILLIAM M. SEXTON, GERALD SHERER,
PHILIP SILVERMAN and ROBERT C. TROSTEN,

               Defendants.

--------------------------------------------------------------------- x

No. 08 CIV 3821 (GEL)

*Electronically filed*

## DECLARATION OF HELEN B. KIM PURSUANT TO FED. R. CIV. P. 56(f)

      HELEN B. KIM hereby declares under penalty of perjury:

      1.     I am a member of the firm of Katten Muchin Rosenman LLP, attorneys for

Defendant Dennis A. Klejna and am a member of the bar of this Court. On behalf of Defendants

Dennis A. Klejna, William M. Sexton, Gerald Sherer, Joseph Murphy, Richard N. Outridge,

Philip Silverman, Leo R. Breitman, Nathan Gantcher, David V. Harkins, Scott L. Jaeckel,

Thomas H. Lee, Ronald L. O'Kelley, Scott A. Schoen, John D. Agoglia, and Peter McCarthy

(collectively, the "Defendants" or "Insureds"). I submit this affidavit pursuant to Fed. R. Civ. P.

56(f) in opposition to the motion for summary judgment submitted by plaintiff XL Specialty

Insurance Company ("Plaintiff" or "XL").

2.     Defendants have not had the opportunity to conduct discovery in this matter, and thus they have a limited ability to present facts in opposition to XL's motion for summary judgment.  On July 29, 2008, Plaintiffs served their First Request for Production of Documents on XL (attached as Exhibit A hereto).  To date, XL has not responded or produced responsive documents, although it has produced what it claims to be its underwriting file.

3.     As set forth in the accompanying memorandum of law submitted in opposition to XL's motion for summary judgment, the Defendants are insureds under an excess insurance policy (the "XL Policy") issued by XL to Refco Inc. ("Refco").  XL filed the instant motion for summary judgment seeking a declaration that it has no obligation under the terms of the XL Policy to provide coverage to Defendants for claims asserted against them in connection with the collapse of Refco.  In seeking a declaration of non-coverage, XL relies on a purported "Inverted Representation Endorsement" ("IRE"), which it asserts was part of the XL Policy.

4.     As discussed in Defendants' memorandum of law, the operative insurance contract at the times the claims arose is the Policy Binder issued by XL on August 10, 2005.  The Policy Binder does not contain or refer to any IRE.  And XL had a duty, as a matter of law, to issue a policy consistent with the terms of its Policy Binder.

5.     XL attempts to justify its departure from the terms of its policy Binder by offering extrinsic evidence in support of its motion.  As Defendants discuss in their memorandum of law, XL is not entitled to offer extrinsic evidence in the absence of any ambiguity in the Policy Binder.  But assuming *arguendo* that this Court were to consider XL's proffered extrinsic evidence, then discovery is necessary before this Court can determine the issue of coverage.

31452223

6.      Specifically, XL has proffered in support of its summary judgment motion the affidavit of Henry Toolan and two emails suggesting that Marsh USA, Inc. ("Marsh"), Refco's insurance agent, had expressed a willingness to have an IRE added to the Policy. (*See* Declaration of Henry Toolan ¶ 7). But these emails, in themselves, raise issues of fact that necessitate discovery.

7.      For example, XL refers to an email that Kenny Li of Marsh sent to all the excess insurance carriers on August 9, 2005, in which Mr. Li stated that "should you need one to bind, please include an inverted warranty endorsement on your revised quote." Contrary to XL's position, however, the precise meaning and import of this email is far from clear. Given that XL did not in fact include the IRE in a revised quote or in its Binder, it can hardly be taken as incontrovertible evidence that the IRE is properly part of the XL policy. Absent discovery regarding, *inter alia,* what other communications may have occurred, what the parties intended with respect to an "inverted warranty," or why XL chose to issue a Binder the day after Mr. Li's email with no inverted warranty included, the Insureds' ability to fully oppose XL's motion is greatly prejudiced. Discovery may reveal either that the IRE was not intended to be part of the XL policy or not intended to carry the meaning that XL now urges upon this Court.

8.      If this Court were to consider extrinsic evidence, discovery would also be necessary to determine whether Marsh authorized XL to substitute a warranty broader than Question 3(c) in the XL application. As discussed in Defendants' memorandum of law, the issue of adding an IRE arose only after Mr. Bennett crossed out question 3(c) of the XL application. (*See* Sylwestrzak Decl. Ex. C). Specifically, question 3(c) of the XL application stated:

> No person or entity(s) proposed for this insurance is cognizant of any fact, circumstance or situation which they have reason to suppose might afford grounds for any claim such as would fall within the scope of the proposed insurance, except as follows. If answer is "none," so state:

31452223

Case 1:08-cv-03821-GEL    Document 67    Filed 08/08/2008    Page 4 of 6


(Sylwestrzak Decl. Ex. C). The application provided blank lines for purposes of answering the question, and beneath those lines stated that "any claim arising from any claims, facts, circumstances, or situations disclosed or required to be disclosed in response to [Question 3(c)] is excluded from the proposed insurance." (*Id.*). Rather than respond to the question, however, Bennett crossed the question out. (*Id.*).

9.    As evidenced by the emails XL relies upon, in order to address Bennett's failure to answer this question, Marsh invited XL, if necessary, to substitute an inverted warranty for the warranty that would have been part of the XL policy had Bennett responded to question 3(c). Marsh clearly did not authorize XL to substitute a broader warranty. On the contrary, an additional email, not cited by XL, dated August 9, 2005 by Kenny Li of Marsh to Hank Toolan of XL and sent at essentially the same time as the Marsh email cited by XL, demonstrates that Marsh only invited XL to substitute an equivalent warranty to the warranty that would have resulted had Bennett answered Question 3(c). In the email, Mr. Li asks: "[c]an you add an inverted warranty endorsement so that the client does not have to fill out the warranty portion of the application? kl" (*Id.*, Ex. D).

10.    Defendants have not had the opportunity to conduct discovery on the issue raised by these emails – *i.e.* whether Marsh consented to the Defendants being placed in a far worse position than if the alleged substitution did not take place. Or, alternatively, whether Marsh agreed that XL could insert an equivalent warranty that would place the Insureds in the exact same position they would have been had the application been properly completed.

11.    Defendants also have not had the opportunity to conduct discovery concerning the intent of the parties with respect to the insertion of the broad severability provision in the XL Policy. This provision includes a "non-imputation" provision that is at odds

- 4 -

with the effect XL seeks to give to its purported IRE. Accordingly, discovery is needed concerning the intent of the contracting parties with respect to coverage for "innocent" insureds.

12.     The lack of discovery with respect to these issues presents a particular hardship to Defendants because, to the best of my knowledge or the knowledge of other counsel for the Defendants, they had minimal or no involvement in the negotiation or procurement of the XL Policy, and therefore lack critical knowledge or information relating thereto. Instead, as far as counsel has been able to ascertain, the process was conducted by an employee at Refco who was responsible for its insurance (and who is not a party to any of the underlying litigations or to the insurance coverage litigations), Marsh, and XL. As a result, Defendants were essentially outsiders to the events which led to the issuance of the XL Policy, including the correspondence back and forth that resulted in the selection of the particular language chosen to govern the insurance relationship.

13.     In sum, the Court has been requested to rule on issues of coverage even though Defendants have had limited access to documents relevant to the numerous issues raised by the disputes surrounding the negotiation of the relevant policies, have not seen all of the correspondence on these issues, and have not yet had the opportunity to depose under oath anyone with knowledge of these various issues. As a result, Defendants find themselves without knowledge of facts needed to have a fair opportunity to defend themselves on the instant motion.

14.     To the extent that the factual disputes shown by the Defendants in opposition to XL's motion relating to the inclusion of the purported IRE and the intent of the parties with respect to severability do not already disqualify XL from obtaining summary

- 5 -

31452223

judgment, I respectfully submit that, at a minimum, Defendants should be granted access to

documents and testimony from Marsh, U.S. Specialty, and XL.

Dated:  New York, New York
        August 8, 2008


                                        /s/ Helen B. Kim
                                        Helen B. Kim (HK-8757)
                                        Helen.kim@kattenlaw.com

31452223

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
XL SPECIALTY INSURANCE COMPANY,  :          No. 08 CIV 3821 (GEL)
                                 :
                  Plaintiff,     :
      v.                         :
                                 :
JOHN D. AGOGILA, PHILLIP R. BENNETT, LEO  :   **FIRST REQUEST FOR**
R. BREITMAN, EDWIN L. COX, SUKHMEET   :      **PRODUCTION OF DOCUMENTS**
DHILLON, THOMAS DITTMER, NATHAN   :         **TO PLAINTIFF XL SPECIALTY**
GANTCHER, STEPHEN GRADY, TONE GRANT,  :     **INSURANCE COMPANY**
THOMAS HACKL, DAVID V. HARKINS, SCOTT  :
L. JAECKEL, DENNIS A. KLEJNA, THOMAS H.  :
LEE, ERIC G. LIPOFF, SANTO C. MAGGIO,  :
PETER MCCARTHY, JOSEPH MURPHY, FRANK  :
MUTTERER, RONALD L. O'KELLEY, RICHARD  :
N. OUTRIDGE, SCOTT A. SCHOEN, WILLIAM  :
M. SEXTON, GERALD SHERER, PHILIP   :
SILVERMAN and ROBERT C. TROSTEN,  :
                                 :
                  Defendants.    :
                                 :
------------------------------------------------------------x

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil

Rules of this Court, Defendants and Counterclaim Plaintiffs Dennis A. Klejna, Richard N.

Outridge, William M. Sexton, Gerald M. Sherer, Leo R. Breitman, Nathan Grantcher, David V.

Harkins, Scott L. Jaeckel, Thomas H. Lee, Ronald L. O'Kelley, Scott A. Schoen, John D.

Agogila, Peter McCarthy, Joseph Murphy and Philip Silverman ("Defendants and Counterclaim

Plaintiffs") hereby demand that Plaintiff XL Specialty Insurance Company ("XL"), produce at

the offices of the undersigned counsel the documents requested herein:

## DEFINITIONS AND INSTRUCTIONS

As used herein, the following terms have the following meanings, unless the context

otherwise requires:

1.    Defendants and Counterclaim Plaintiffs incorporate by reference the definitions, instructions and rules of construction in the "Uniform Definitions in Discovery Requests" set forth in Rule 26.3 of the Local Civil Rules of this Court.

2.    If a claim of privilege is asserted with respect to any document requested herein, or if you refuse to produce any document requested herein on any other ground, state all grounds upon which you base your claim that such document need not be produced with such specificity as will permit the Court to determine the legal sufficiency of your position and, for all documents so withheld, set forth the information required by Rule 26.2 of the Local Civil Rules of this Court.

3.    This request for production is to be deemed a continuing request, and documents which are responsive, but which are discovered subsequent to the initial production of documents, should nevertheless be promptly produced in the same manner, and at the same address, as the initial production.

4.    The term "XL" shall refer to XL Specialty Insurance Company and its past and present directors, officers, agents, employees, and representatives.

5.    The term "XL Policy" means Policy No. ELU089673-05 issued to Refco Inc. for the policy period August 11, 2005 to August 11, 2006.

6.    The term "Marsh" means Marsh USA, Inc., Marsh & McLennan Companies, Inc. and their respective subsidiaries and affiliated companies, including their respective past and present directors, officers, agents, employees, and representatives.

7.    The term "Refco's 2005-2006 D&O Insurance Tower" means the program of D&O liability insurance that was placed with various insurers for Refco Inc. for the policy period August 11, 2005 through August 11, 2006.

8.    The term "Claim" means any and every request by an insured for indemnification and/or reimbursement under the XL Policy, including without limitation the "Underlying Matters" referenced at page 8 of the Memorandum of Law in Support the Motion of Plaintiff, XL Specialty Insurance Co., for Summary Judgment, filed in this action on July 11, 2008.

## REQUEST FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

The policy binder for the XL Policy.

### REQUEST FOR PRODUCTION NO. 2:

The XL Policy including, but not limited to, all policy forms, endorsements, declarations and riders.

### REQUEST FOR PRODUCTION NO. 3:

The complete underwriting file(s) concerning the XL Policy.  More specifically, this request call for the production of all documents contained within the underwriting file pertaining to the aforementioned policy of insurance from the date of the first communication to the present with any insured(s), including any insured's insurance broker including, but not limited to:

a.    The file folder or file folders themselves with any adjacent exhibit folders;

b.    Any and all papers, documents, computer-generated files, e-mail, electronic documents and investigative reports concerning the XL Policy including, but not limited to, interoffice memoranda or notes pertaining to that issuance of the policy; and

c.    Any and all written and/or electronic communications or statements made between any parties including, but not limited to, any communications with insurance brokers of any insured(s) and other parties concerning the policy issued to the insured(s).

-3-

**<u>REQUEST FOR PRODUCTION NO. 4</u>:**

All documents concerning XL's decision to add Endorsement No. 13 the Inverted
Representation Endorsement to the XL Policy.

**<u>REQUEST FOR PRODUCTION NO. 5</u>:**

All documents concerning the drafting, modifications, changes, earlier versions, and
amendments to the Inverted Representation Endorsement to the XL Policy.

**<u>REQUEST FOR PRODUCTION NO. 6</u>:**

All communications with Marsh, Refco Group Ltd., LLC or Refco Inc. concerning the
drafting, modifications, changes, earlier versions, and amendments to the Inverted
Representation Endorsement to the XL Policy.

**<u>REQUEST FOR PRODUCTION NO. 7</u>:**

All claim files relating, regarding, or referring to the XL Policy from the date of the first
communication with any of the insureds or representatives of any of them to the present
including, but not limited to:

    a.    All inter-office memoranda or other forms of written electronic (*i.e.*, computer-
generated including, without limitation, e-mail, and/or activity logs)
communication of any employee or representative of XL concerning the initial
processing of the above-mentioned matter or Claim when first received by XL or
any representative of same;

    b.    All inter-office memoranda or other forms of written or electronic communication
from any employee or representative of XL concerning the continued processing
of the above-mentioned matter and/or Claim;

    c.    All written or electronic communications between XL and/or its representatives
on the one hand and any of the insureds, their insurance brokers, and/or their

representatives on the other hand concerning the processing, acceptance, or denial of the above-mentioned matter and or Claim;

d.    All written or electronic communications between XL and/or its representatives on the one hand and any third party on the other hand concerning the processing, acceptance, or denial of the above-mentioned matter and/or Claim;

e.    All investigative reports concerning any of the insureds, in the above-mentioned matter and/or Claim, and all written or electronic communications between XL or its representatives on the one hand and anyone else on the other hand concerning said report or reports;

f.    All inter-office memoranda or other forms of written or electronic communication from any employee or representative of XL concerning any decision to accept, accept under reservation of rights, or deny the above-mentioned Claim and/or matter;

g.    All written or electronic communications between XL and/or its representatives on the one hand and any of the insureds, their insurance brokers, and/or their representatives on the other hand concerning any decision of whether to accept, accept under a reservation of rights, or deny the above-mentioned Claim and/or matter;

h.    All written or electronic communications between XL or its representatives on the one hand and any third party on the other hand concerning any decision of whether to accept, accept under a reservation of rights, or deny the above-mentioned Claim and/or matter;

i.    All photographs, motion pictures, investigative reports, field reports, or any written or electronic communications of whatever description concerning any of

the insureds, and/or their representatives, which were taken, made, or written by or on behalf of XL or its representatives, relating to the processing, acceptance, acceptance under a reservation of rights, or denial of the aforementioned Claim and/or matter;

j.      All other written or electronic documents concerning the processing of the above-mentioned Claim or matter which are in the possession, custody or control of XL; and

k.      All written or electronic documents concerning any reserves or reserve amounts established for the aforementioned Claim or matter.

## REQUEST FOR PRODUCTION NO. 8:

All documents maintained outside or apart from of any of the claim files concerning the Claim.

## REQUEST FOR PRODUCTION NO. 9:

Any and all documents evidencing any communication between Marsh and XL concerning the XL Policy.

## REQUEST FOR PRODUCTION NO. 10:

Any and all documents evidencing any communication between Marsh and XL, including communications between Marsh and XL's insurance coverage counsel, concerning the Claim.

## REQUEST FOR PRODUCTION NO. 11:

Any and all documents evidencing any communication between XL and the employee or representative of any other insurer in Refco's 2005-2006 D&O Insurance Tower concerning the terms of any insurance coverage provided by any insurer in Refco's 2005-2006 D&O Insurance Tower.

-6-

**REQUEST FOR PRODUCTION NO. 12:**

Any and all documents evidencing any claim for coverage that XL have made with

respect to any reinsurance agreement concerning Refco Inc. or the Claim, including without

limitation the reinsurance contract itself.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all documents evidencing any communication between XL and any reinsurance

company concerning Refco Inc. or the Claim.

Dated:   July 29, 2008

/s/ Helen B. Kim
HELEN B. KIM (HK-8757)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90068
Telephone: 310-788-4525
Facsimile: 310-712-8226

PHILIP A. NEMECEK (PN-3319)
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, NY 10022-2585
Telephone: 212-940-8834
Facsimile: 212-940-8776
*Attorneys for Defendant and Counterclaim Plaintiff*
*Dennis A. Klejna*

/s/ Claire P. Gutekunst
CLAIRE P. GUTEKUNST (CG-0117)
JESSICA MASTROGIONVANNI
1585 Broadway
New York, New York 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
*Attorneys for Defendant and Counterclaim Plaintiff*
*Richard N. Outridge*

/s/ Harvey Fishman
HARVEY FISHMAN (HF-1219)
61 Broadway, Suite 1601
New York, New York 10006
Telephone: (212) 233-955
Facsimile: (212) 267-3024

*Attorney for Defendant and Counterclaim Plaintiff*
*Joseph Murphy*

/s/ Ivan Kline
STUART I. FRIEDMAN (SF-9186)
IVAN KLINE (IK-9591)
FRIEDMAN & WITTENSTEIN
A Professional Corporation
600 Lexington Avenue
New York, NY 10022
Telephone: (212) 750-8700
Facsimile: (212) 223-8391
*Attorneys for Defendants and Counterclaim Plaintiffs*
*William M. Sexton and Gerald M. Sherer*

/s/ William Fleming
WILLIAM FLEMING (WF-0411)
GAGE SPENCER & FLEMING, LLP
410 Park Avenue
New York, New York 10022
Telephone: (212) 768-4900

*Attorneys for Defendants and Counterclaim Plaintiffs*
*John D. Agogila and Peter McCarthy*

/s/ Michael F. Walsh
GREG A. DANILOW (GD-1621)
MICHAEL F. WALSH (MW-8000)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
*Attorneys for Defendants Leo R. Breitman, Nathan*
*Gantcher, David V. Harkins, Scott L. Jaeckel, Thomas*
*H. Lee, Ronald L. O'Kelley, and Scott A. Schoen*

/s/ Richard Cashman
RICHARD CASHMAN (RC-4769)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, NY  10036-6524
Telephone:  (212) 832-8300
Facsimile:  (212) 763-7600
*Attorneys for Defendant and Counterclaim Plaintiff*
*Philip Silverman*

31448699

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of July, 2008, I caused a copy of First Request for production of Documents to Plaintiff XL Specialty Insurance Company dated July 29, 2008 to be sent by Overnight Fedex to the following:

James A. Skarzynski
James T. Sandnes
Boundas, Skarzynski, Walsh & Black LLC
One Battery Park Plaza
New York, New York 10004
*Attorneys For XL Specialty Insurance Company*

Dated: July 29, 2008

KATTEN MUCHIN ROSENMAN LLP

By
2029 Century Park East
Suite 2600
Los Angeles, CA 90067-3012
310.788.4400

31450791v1