UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

XL SPECIALTY INSURANCE COMPANY,        :

                                                :      Case No. 08-CV-3821 (GEL)

                       Plaintiff,     :

                                                :

                       v.          :      *Electronically Filed*

                                                :

JOHN D. AGOGLIA, et al.                 :

                                                :

                     Defendants    :
--------------------------------------------------------------------X

## TONE GRANT'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF XL SPECIALTY INSURANCE COMPANY

ZUCKERMAN SPAEDER LLP
1540 Broadway, Suite 1604
New York, NY 10036
Tel: 212-704-9600
Fax: 212-704-4256

*Attorneys for Defendant Tone Grant*

1906685.1

Defendant Tone Grant, by and through undersigned counsel, respectfully submits this memorandum of law in opposition to the motion for summary judgment of XL Specialty Insurance Company ("XL"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, in *XL Specialty Insurance Company v. Agoglia, et al.*, No. 08-CV-3821 (S.D.N.Y.).

Mr. Grant hereby adopts and incorporates by reference the arguments set forth in the opposition brief submitted today by Dennis A. Klejna, William M. Sexton, Gerald Sherer, Joseph Murphy, Richard N. Outridge, Philip Silverman, Leo R. Breitman, Nathan Gantcher, David V. Harkins, Scott L. Jaeckel, Thomas H. Lee, Ronald L. O'Kelley, Scott A. Schoen, John D. Agoglia and Peter McCarthy (the "Joint Brief Insureds").

As demonstrated in the Joint Brief Insureds' memorandum, XL's motion fails because the "Inverted Representation Endorsement" (the "IRE") on which XL relies was not part of the Policy Binder (the "Binder") it issued on August 10, 2005.  XL added the IRE to the Policy it issued on December 27, 2005—months after Refco's directors and officers first sought coverage under the Policy.  Because the Binder was the operative insurance contract at the time the claims arose, XL cannot invoke the IRE to deny coverage.  Moreover, XL's attempt to deny coverage based on Bennett's knowledge is inappropriate because the severability provisions of the XL Policy preclude XL from denying coverage to all insureds based on the knowledge of a single insured, and even if the severability provisions did not apply, XL has not met its burden to prove that all of the claims asserted in the Underlying Matters arise out of Phillip Bennett's knowledge.

Accordingly, and as set forth in detail in the Joint Brief Insureds' memorandum, XL's motion for summary judgment should be denied.

1906685.1

Dated: August 8, 2008
New York, New York

Respectfully submitted,

s/ Norman L. Eisen
Norman L. Eisen (admitted *pro hac vice*)
Laura E. Neish (LN-0040)

ZUCKERMAN SPAEDER LLP
1540 Broadway, Suite 1604
New York, New York 10036
Tel: (212) 704-9600
Fax: 212-704-4256

*Attorneys for Defendant Tone Grant*

1906685.1