James A. Skarzynski (JS-1068)
James T. Sandnes (JS-8944)
Jill M. Levy (JL-6040)
Ari R. Magedoff (AM-1117)
BOUNDAS, SKARZYNSKI,
  WALSH & BLACK LLC
One Battery Park Plaza
New York, New York 10004
(212) 820-7700 (Telephone)
(212) 820-7740 (Facsimile)
jsandnes@bswb.com

Attorneys for XL Specialty Insurance Company

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
XL SPECIALTY INSURANCE COMPANY,  :
                                          Plaintiff,  :

                   v.  :   No. 08-CV-3821 (GEL)

JOHN D. AGOGLIA, PHILLIP R. BENNETT,  :
LEO R. BREITMAN, EDWIN L. COX,  :
SUKHMEET DHILLON, THOMAS H.  :
DITTMER, NATHAN GANTCHER, STEPHEN :
GRADY, TONE GRANT, THOMAS HACKL,  :
DAVID V. HARKINS, SCOTT L. JAECKEL,  :
DENNIS A. KLEJNA, THOMAS H. LEE,  :
ERIC G. LIPOFF, SANTO C. MAGGIO,  :   **REPLY TO COUNTERCLAIMS**
PETER MCCARTHY, JOSEPH MURPHY,  :   **OF DEFENDANT TONE N.**
FRANK MUTTERER, RONALD L. O'KELLEY, :  **GRANT**
RICHARD N. OUTRIDGE, SCOTT A.  :
SCHOEN, WILLIAM M. SEXTON, GERALD :
SHERER, PHILIP SILVERMAN, AND  :
ROBERT C. TROSTEN,  :
                                          Defendants.  :
-----------------------------------------------------------x

Plaintiff and Counterclaim Defendant XL Specialty Insurance Company ("XL") replies to the counterclaims of Defendant and Counterclaim Plaintiff Tone N. Grant (collectively "Counterclaimant") as follows:

1. XL denies having knowledge or information sufficient to form the belief as to the truth of the allegations contained in paragraph 1 of the Counterclaims, except admits that XL issued a directors and officers management liability insurance policy number ELU089673-05 to Refco Inc. ("Refco") for the period of August 11, 2005 to August 11, 2006 (the "XL Policy"), which states that the XL Policy is excess to all other insurance and that the XL Policy does not follow-form with the D&O tower, that Counterclaimant has been named in various civil actions related to the collapse of Refco and Counterclaimant has sought coverage from XL related to those litigations.

2. XL denies knowledge or information sufficient to form the belief as to the truth of the allegations contained in paragraph 2 of the Counterclaims, except admits that XL has denied coverage to the Insureds and commenced the captioned action, which Complaint speaks for itself and to the extent the allegations in paragraph 2 of the Counterclaims are inconsistent therewith, XL denies them.

3. XL denies each and every allegation contained in paragraph 3 of the Counterclaims.

4. Paragraph 4 states a legal conclusion as to which no response is appropriate.

5. XL admits the allegations contained in paragraph 5 of the Counterclaims.

6. XL admits the allegations contained in paragraph 6 of the Counterclaims.

7.  XL admits the allegations contained in paragraph 7 of the Counterclaims.

8.  XL admits the allegations contained in paragraph 8 of the Counterclaims.

9.  XL denies having knowledge or information sufficient to form the belief as to the truth of the allegations contained in paragraph 9 of the Counterclaims, except admits, upon information and belief, Counterclaimant (along with other Insureds) was named as defendants in several civil lawsuits.

10. XL admits that Counterclaimant requested coverage from XL and upon information and belief, requested coverage from the other insurers in the D&O tower and otherwise paragraph 10 states a legal conclusion as to which no response is appropriate.

11. XL admits that the Refco procured a "tower" of D&O liability insurance coverage, and respectfully refers the Court to the primary policy and the excess policies for the contents thereof.

12. XL admits, upon information and belief, that U.S. Specialty Insurance Company ("U.S. Specialty") issued a primary policy (the "U.S. Specialty Policy"), and respectfully refers the Court to the U.S. Specialty Policy for the contents thereof.

13. XL respectfully refers the Court to the U.S. Specialty Policy for the contents thereof.

14. XL denies knowledge or information sufficient to form the belief as to the truth of the allegations contained in paragraph 14 of the Counterclaims.

15. XL admits, upon information and belief, that Lexington Insurance Company ("Lexington") issued a first excess policy (the "Lexington Policy"), and respectfully refers the Court to the Lexington Policy for the contents thereof.

16. XL respectfully refers the Court to the Lexington Policy for the contents thereof.

17. XL denies knowledge or information sufficient to form the belief as to the truth of the allegations contained in paragraph 17 of the Counterclaims.

18. XL admits, upon information and belief, that Axis Reinsurance Company ("Axis") issued a second excess policy (the "Axis Policy"), and respectfully refers the Court to the Axis Policy for the contents thereof.

19. XL respectfully refers the Court to the Axis Policy for the contents thereof.

20. XL denies knowledge or information sufficient to form the belief as to the truth of the allegations contained in paragraph 20 of the Counterclaims, and respectfully refers the Court to the Order by the United States Bankruptcy Court for the Southern District of New York for the contents thereof.

21. XL admits, upon information and belief, that Allied World Assurance Company ("AWAC") issued a third excess policy (the "AWAC Policy"), and respectfully refers the Court to the AWAC Policy for the contents thereof.

22. XL respectfully refers the Court to the AWAC Policy for the contents thereof.

23. XL denies knowledge or information sufficient to form the belief as to the truth of the allegations contained in paragraph 23 of the Counterclaims, and

respectfully refers the Court to the Order by the United States Bankruptcy Court for the Southern District of New York for the contents thereof.

24. XL admits, upon information and belief, that Arch Insurance Company ("Arch") issued a fourth excess policy (the "Arch Policy"), and respectfully refers the Court to the Arch Policy for the contents thereof.

25. XL respectfully refers the Court to the Arch Policy for the contents thereof.

26. XL denies knowledge or information sufficient to form the belief as to the truth of the allegations contained in paragraph 26 of the Counterclaims.

27. XL admits, on information and belief, that the Counterclaimant has sought declarations of coverage from Arch and AWAC.

28. XL admits that XL issued a directors and officers management liability policy with a policy period of August 11, 2005 to August 11, 2006 and a limit of liability of $20 million and that the XL Policy does not "follow form" to the U.S. Specialty Policy, and respectfully refers the Court to the XL Policy for the contents thereof.

29. XL denies that any binder it issued that recited to the XL Policy constitutes an integrated or complete statement of the agreement and refers to the binder and the related correspondence for the contents thereof and the contract of insurance agreed to and otherwise denies the allegations in paragraph 29 of the Counterclaims.

30. XL denies that any binder it issued that recited to the XL Policy constitutes an integrated or complete statement of the agreement and refers to the binder and the related correspondence for the contents thereof and the contract of insurance agreed to and otherwise denies the allegations in paragraph 30 of the Counterclaims.

31. XL admits that it was paid a premium of $370,300 but XL denies that any binder it issued that recited to the XL Policy constitutes an integrated or complete statement of the agreement and refers to the binder and the related correspondence for the contents thereof and the contract of insurance agreed to and otherwise denies the allegations in paragraph 31 of the Counterclaims.

32. XL admits, upon information and belief, that the XL Policy incepted on August 11, 2005 and that is was issued in December 2005, and respectfully refers the Court to the XL Policy for the contents thereof.

33. XL respectfully refers the Court to the Underlying Actions, as that term is defined in the Counterclaims, for the contents thereof and otherwise denies the allegation in paragraph 33 of the Counterclaims.

34. XL respectfully refers the Court to the XL Policy for the contents thereof.

35. XL respectfully refers the Court to the XL Policy for the contents thereof.

36. XL denies each and every allegation contained in paragraph 36 of the Counterclaims.

37. XL respectfully refers the Court to the XL Policy for the contents thereof.

38. XL respectfully refers the Court to the XL Policy for the contents thereof.

39. XL denies each and every allegation contained in paragraph 39 of the Counterclaims.

40. XL respectfully refers the Court to the XL Policy for the contents thereof.

41. XL admits that XL has denied coverage for the Underlying Matters, and otherwise XL respectfully refers the Court to the January 24, 2006 letter for the contents thereof.

42. XL respectfully refers the Court to the January 24, 2006 letter for the contents thereof.

43. XL respectfully refers the Court to the January 24, 2006 letter for the contents thereof.

44. XL denies each and every allegation contained in paragraph 44 of the Counterclaims.

45. XL denies each and every allegation contained in paragraph 45 of the Counterclaims.

46. XL denies each and every allegation contained in paragraph 46 of the Counterclaims.

47. XL denies each and every allegation contained in paragraph 47 of the Counterclaims.

48. XL respectfully refers the Court to the XL Policy for the contents thereof.

49. XL denies each and every allegation contained in paragraph 49 of the Counterclaims.

50. XL respectfully refers the Court to the January 24, 2006 letter for the contents thereof.

51.  XL admits that it has denied coverage for the Underlying Matters, and otherwise XL respectfully refers the Court to the March 6, 2006 letter for the contents thereof.

52.  XL admits that it has denied coverage for the Underlying Matters, and otherwise XL respectfully refers the Court to the March 6, 2006 letter for the contents thereof.

53.  XL admits that it has denied coverage to the Insureds and commenced the captioned action, which Complaint speaks for itself.

54.  XL respectfully refers the Court to the Complaint, which speaks for itself.

55.  XL admits that no coverage for any Loss is afforded to any Insured with respect to the Underlying Matters, and otherwise respectfully refers the Court to the Complaint, which speaks for itself.

## COUNT I

56.  XL repeats and realleges each response set forth in paragraphs 1 through 55 above.

57.  XL denies each and every allegation contained in paragraph 57 of the Counterclaims.

58.  XL admits that it has denied coverage under the XL Policy and otherwise denies each and every allegation contained in paragraph 58 of the Counterclaims.

59.  XL admits that Refco paid a premium of $370,300 for the XL Policy and otherwise denies, on information and belief, the allegations in paragraph 59 of the Counterclaims.

60. XL denies each and every allegation contained in paragraph 60 of the Counterclaims.

61. Paragraph 61 states a legal conclusion as to which no response is appropriate.

62. XL denies each and every allegation contained in paragraph 62 of the Counterclaims.

63. XL respectfully refers the Court to the January 24, 2006 letter for the contents thereof, and otherwise denies the allegations in paragraph 63 of the Counterclaims.

64. XL denies each and every allegation contained in paragraph 64 of the Counterclaims.

65. XL denies each and every allegation contained in paragraph 65 of the Counterclaims.

66. XL denies each and every allegation contained in paragraph 66 of the Counterclaims.

67. XL denies each and every allegation contained in paragraph 67 of the Counterclaims.

68. XL denies each and every allegation contained in paragraph 68 of the Counterclaims.

69. XL admits the allegations in paragraph 69 of the Counterclaims.

70. XL denies each and every allegation contained in paragraph 70 of the Counterclaims.

COUNT II

71. XL repeats and realleges each response set forth in paragraphs 1 through 70 above.

72. XL denies each and every allegation contained in paragraph 72 of the Counterclaims.

73. XL denies each and every allegation contained in paragraph 73 of the Counterclaims.

COUNT III

74. XL repeats and realleges each response set forth in paragraphs 1 through 73 above.

75. XL denies each and every allegation contained in paragraph 75 of the Counterclaims.

76. XL admits that it has denied coverage under the XL Policy and otherwise denies each and every allegation contained in paragraph 76 of the Counterclaims.

77. XL admits that Refco paid a premium of $370,300 for the XL Policy and otherwise denies, on information and belief, the allegations in paragraph 77 of the Counterclaims.

78. XL denies each and every allegation contained in paragraph 78 of the Counterclaims.

79. Paragraph 79 states a legal conclusion as to which no response is appropriate.

80. XL denies each and every allegation contained in paragraph 80 of the Counterclaims.

81. XL denies each and every allegation contained in paragraph 81 of the Counterclaims.

82. XL denies each and every allegation contained in paragraph 82 of the Counterclaims.

83. XL denies each and every allegation contained in paragraph 83 of the Counterclaims.

84. Paragraphs 1 through 6 under the section Prayer for Relief requires no response.  To the extent a response is required, XL denies the allegations in paragraphs 1 through 6 under the section Prayer for Relief.  XL further denies that Counterclaimant is entitled to any relief from XL, including but not limited to, the relief specifically sought in paragraphs 1 through 6 under the section Prayer for Relief.

## DEFENSES

### FIRST DEFENSE

85. Counterclaimant fails to state a claim for which relief can be granted against XL.

### SECOND DEFENSE

86. Counterclaimant's claims against XL are or may be barred in whole or in part by the doctrine of unclean hands, laches, waiver, or estoppel.

### THIRD DEFENSE

87. Counterclaimant is not entitled to coverage pursuant to the IRE, as that term is defined in the XL Complaint, which provides:

> In consideration of the premium charged, *no coverage will be available* under this Policy for Loss, including Defense Expenses, *from Claims arising from any fact, circumstance or situation of which*, as of the effective date of this Policy, *any Insured had knowledge* and had *reason to suppose might afford grounds for any Claim* that would fall within the scope of the insurance afforded by this Policy.

(emphasis added), XL Policy, Endorsement No. 13.

### FOURTH DEFENSE

88. Counterclaimant is not entitled to coverage for certain Underlying Matters that do not constitute a "Claim" as defined by the XL Policy.

### FIFTH DEFENSE

89. Upon information and belief, Counterclaimant is not entitled to coverage for certain claims, because Counterclaimant failed to provide XL with notice of circumstances of such claims during the Policy Period.

### SIXTH DEFENSE

90. Upon information and belief, Counterclaimant is not entitled to coverage for certain claims, because they were not first made against the insureds and/or reported to XL during the Policy Period.

**SEVENTH DEFENSE**

91. Counterclaimant's claims against XL are or may be barred in whole or in part to the extent that Counterclaimant seeks coverage for matters that do not constitute "Claims… for a Wrongful Act." XL Policy, Insuring Agreement.

**EIGHTH DEFENSE**

92. Counterclaimant's claims against XL are barred because XL has a duty to advance only covered Defense Expenses.

**NINTH DEFENSE**

93. Counterclaimant's claims against XL are or may be barred in whole or in part to the extent that Counterclaimant seeks coverage for amounts that do not constitute "Loss." XL Policy, Definitions (K).

**TENTH DEFENSE**

94. Counterclaimant's claims against XL are or may be barred in whole or in part to the extent that Counterclaimant is not an "Insured Person." XL Policy, Definitions (I).

**ELEVENTH DEFENSE**

95. Counterclaimant's claims against XL are or may be barred in whole or in part because XL "shall not pay Loss in connection with any Claim… brought about or contributed to in fact by any… intentionally dishonest, fraudulent, or criminal act or omission or any willful violation of any statute, rule, or law… as determined by a final adjudication in the underlying action or in a separate action or proceeding." XL Policy, Exclusions A(2)(i).

**TWELFTH DEFENSE**

96. Counterclaimant's claims against XL are or may be barred in whole or in part because XL "shall not pay Loss in connection with any Claim… brought about or contributed to in fact by any… profit or remuneration gained by any Insured Person to which such Insured Person is not legally entitled… as determined by a final adjudication in the underlying action or in a separate action or proceeding." XL Policy, Exclusions A(2)(ii).

**THIRTEENTH DEFENSE**

97. Counterclaimant's claims against XL are or may be barred in whole or in part because XL shall not pay Loss in connection with any Claim:

"(1) by, on behalf of, or at the direction of the Company, Outside Entity or any Insured Person, except and to the extent such Claim:

(i) is brought by a security holder of the Company or Outside Entity who, when such Claim is made and maintained is acting independently of, and without the solicitation, assistance, participation or intervention of the Company or any Outside Entity;

(ii) is brought by the Bankruptcy Trustee or Examiner of the Company or Outside Entity, or any assignee of such Trustee or Examiner, or any Receiver, Conservator, Rehabilitator, or

14

       Liquidator or comparable authority of the

       Company or Outside Entity;

  (iii) is in the form of a crossclaim, third party claim

       or other claim for contribution or indemnity by

       an Insured Person which is part of or results

       directly from a Claim which is not otherwise

       excluded by the terms of this Policy; or

  (iv) is an Employment Practices Claim."

XL Policy, Exclusions (A)(1) as amended by Endorsement No. 6.

## FOURTEENTH DEFENSE

  98. Counterclaimant's claims against XL are or may be barred in whole or in part by the Prior Acts Exclusion in Endorsement No. 2 of the XL Policy.

## FIFTEENTH DEFENSE

  99. Counterclaimant's claims against XL are or may be barred in whole or in part by the Pending and/or Prior Litigation Exclusion in Endorsement No. 7 of the XL Policy.

## SIXTEENTH DEFENSE

  100. Counterclaimant's claims against XL are or may be barred in whole or in part to the extent Plaintiffs have entered into written settlement in the Underlying Matters without obtaining XL's prior consent. XL Policy, Conditions (E).

### SEVENTEENTH DEFENSE

101.   Counterclaimant's claims against XL are or may be barred in whole or in part by the Assistance, Cooperation and Subrogation clause of the XL Policy. XL Policy, Conditions (F).

### EIGHTEENTH DEFENSE

102.   Counterclaimant's claims against XL are or maybe barred in whole or in part to the extent Counterclaimant is insured in connection with the Underlying Matters by other valid and collectible insurance. XL Policy, Conditions (B).

### NINETEENTH DEFENSE

103.   Upon information and belief, Counterclaimant's claims against XL are barred because Counterclaimant has fraudulently sought coverage under the XL Policy with the knowledge that pursuant to the terms of the XL Policy, coverage is not available.

### TWENTIETH DEFENSE

104.   The binder is not an integrated document and any failure to include the IRE in the binder was a scrivener's error.

### TWENTY-FIRST DEFENSE

105.   Counterclaimant was found guilty on all counts brought against him in the S-4 Indictment after a trial before a jury on April 17, 2008. Counterclaimant was sentenced to 10 years in federal prison on August 7, 2008 in connection with his conviction. Counterclaimant is estopped from denying his wrongdoing and knowledge. As a result, no coverage is afforded Counterclaimant under the XL Policy.

## TWENTY-SECOND DEFENSE

106. The specified coverage provided under the XL Policy is subject to and limited by all of its terms, conditions and exclusions. There may be other terms, conditions and exclusions of the XL Policy that operate to bar or limit coverage for some or all of the amounts for which Counterclaimant seeks coverage of which XL is presently unaware. XL reserves its right to raise affirmatively other terms, conditions and exclusions as defenses to coverage as appropriate.

Dated:  New York, New York
        August 14, 2008

Respectfully submitted,

BOUNDAS, SKARZYNSKI, WALSH &
 BLACK LLC

By:  /s James Sandnes
        James Sandnes (JS-8944)
One Battery Park Plaza, 32nd Floor
New York, NY 10004
(212) 820-7700

Attorneys for Plaintiff
  XL Specialty Insurance Company