James A. Skarzynski (JS-1068)
James T. Sandnes (JS-8944)
Jill M. Levy (JL-6040)
Ari R. Magedoff (AM-1117)
BOUNDAS, SKARZYNSKI,
WALSH & BLACK LLC
One Battery Park Plaza
New York, New York 10004
(212) 820-7700 (Telephone)
(212) 820-7740 (Facsimile)
jsandnes@bswb.com

Attorneys for XL Specialty Insurance Company

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JOHN D. AGOGLIA, PHILLIP R. BENNETT, LEO R. BREITMAN, EDWIN L. COX, SUKHMEET DHILLON, THOMAS H. DITTMER, NATHAN GANTCHER, STEPHEN GRADY, TONE GRANT, THOMAS HACKL, DAVID V. HARKINS, SCOTT L. JAECKEL, DENNIS A. KLEJNA, THOMAS H. LEE, ERIC G. LIPOFF, SANTO C. MAGGIO, PETER MCCARTHY, JOSEPH MURPHY, FRANK MUTTERER, RONALD L. O'KELLEY, RICHARD N. OUTRIDGE, SCOTT A. SCHOEN, WILLIAM M. SEXTON, GERALD SHERER, PHILIP SILVERMAN, AND ROBERT C. TROSTEN,<br><br>Defendants. | No. 08-CV-3821 (GEL)<br><br>**REPLY TO COUNTERCLAIMS OF DIRECTOR DEFENDANTS** |

Plaintiff and Counterclaim Defendant XL Specialty Insurance Company ("XL") replies to the counterclaims of Defendants and Counterclaim Plaintiffs Leo R. Breitman, Nathan Gantcher, David V. Harkins, Scott L. Jaeckel, Thomas H. Lee, Ronald L. O'Kelley and Scott Schoen (collectively "Counterclaimants") as follows:

1. XL admits that it issued a directors and officers management liability insurance policy number ELU089673-05 to Refco Inc. ("Refco") for the period of August 11, 2005 to August 11, 2006 (the "XL Policy"), which states that the XL Policy is excess to all other insurance and that the XL Policy does not follow-form with the D&O tower, and respectfully refers the Court to the other policies for the contents thereof and to the extent the allegations in paragraph 1 of the Counterclaims are inconsistent therewith, XL denies them.

2. XL denies having knowledge or information sufficient to form the belief as to the truth of the allegations contained in paragraph 2 of the Counterclaims, except admits, upon information and belief, Counterclaimants (along with other Insureds) were named as defendants in several civil lawsuits.

3. XL admits that the Insureds have requested coverage and XL has denied coverage to the Insureds and otherwise denies having knowledge or information sufficient to form the belief as to the truth of the allegations contained in paragraph 3 of the Counterclaims except for those that state a legal conclusion to which no response is necessary.

4. XL admits it has denied coverage to the Insureds and otherwise denies that any binder it issued that recited to the XL Policy constitutes an integrated or

complete statement of the agreement and refers to the binder and the related correspondence for the contents thereof and the contract of insurance agreed to and otherwise denies the allegations in paragraph 4 of the Counterclaims.

5. XL denies each and every allegation contained in paragraph 5of the Counterclaims.

6. XL denies each and every allegation contained in paragraph 6 of the Counterclaims.

7. Paragraph 7 states a legal conclusion as to which no response is appropriate.

8. XL admits the allegations contained in paragraph 8 of the Counterclaims.

9. XL admits the allegations contained in paragraph 9 of the Counterclaims.

10. XL admits the allegations contained in paragraph 10 of the Counterclaims.

11. XL admits the allegations contained in paragraph 11 of the Counterclaims.

12. XL admits the allegations contained in paragraph 12 of the Counterclaims.

13. XL admits the allegations contained in paragraph 13 of the Counterclaims.

14. XL admits the allegations contained in paragraph 14 of the Counterclaims.

15. XL admits the allegations contained in paragraph 15 of the Counterclaims.

16. XL admits the allegations contained in paragraph 16 of the Counterclaims.

17. XL admits the allegations contained in paragraph 17 of the Counterclaims.

18. XL admits that XL issued a directors and officers management liability policy with a policy period of August 11, 2005 to August 11, 2006 and a limit of liability

of $20 million and that the XL Policy does not "follow form" to the U.S. Specialty Policy, and respectfully refers the Court to the XL Policy for the contents thereof.

19. XL denies having knowledge or information sufficient to form a belief as to the reason Refco procured the insurance and denies that any coverage is available to the Counterclaimants and respectfully refers the Court to the XL Policy for the contents thereof.

20. XL admits that XL issued a directors and officers management liability policy with a policy period of August 11, 2005 to August 11, 2006 and a limit of liability of $20 million and that the XL Policy does not "follow form" to the U.S. Specialty Policy and otherwise denies that any binder it issued that recited to the XL Policy constitutes an integrated or complete statement of the agreement and refers to the binder and the related correspondence for the contents thereof and the contract of insurance agreed to and otherwise denies the allegation in paragraph 20 of the Counterclaims.

21. XL denies that the binder it issued that recited to the XL Policy constitutes an integrated or complete statement of the agreement and refers to the binder and the related correspondence for the contents thereof and the contract of insurance agreed to and avers that its Policy does not "follow form" and denies that its binder did not contain a knowledge exclusion or endorsement and otherwise denies the allegations in paragraph 21 of the Counterclaims.

22. XL admits, upon information and belief, that the XL Policy incepted on August 11, 2005 and that is was issued in December 2005, and respectfully refers the Court to the XL Policy for the contents thereof expressly avers that is Inverted

Representation Endorsement ("IRE") was part of the contract of insurance from inception and otherwise denies the allegations in paragraph 22 of the Counterclaims.

23. XL denies each and every allegation contained in paragraph 23 of the Counterclaims.

24. XL denies each and every allegation contained in paragraph 24 of the Counterclaims.

25. XL admits it has denied coverage to the Insureds and otherwise respectfully refers the Court to the January 24, 2006 and March 6, 2006 and the Complaint for the contents thereof.

26. XL respectfully refers the Court to the Complaint for the contents thereof.

27. XL denies each and every allegation contained in paragraph 27 of the Counterclaims.

COUNT I

28. XL repeats and realleges each response set forth in paragraphs 1 through 27 above.

29. XL admits the allegations contained in paragraph 29 of the Counterclaims.

30. XL denies each and every allegation contained in paragraph 30 of the Counterclaims.

31. XL admits it has denied coverage to the Insureds and otherwise denies the allegations in paragraph 31 of the Counterclaims.

32. XL admits that Refco paid a premium of $370,300 for the XL Policy and otherwise denies, on information and belief, the allegations in paragraph 32 of the Counterclaims.

33. XL denies each and every allegation contained in paragraph 33 of the Counterclaims.

34. Paragraph 34 states a legal conclusion as to which no response is appropriate.

35. XL denies each and every allegation contained in paragraph 35 of the Counterclaims.

36. XL denies each and every allegation contained in paragraph 36 of the Counterclaims.

37. XL denies each and every allegation contained in paragraph 37 of the Counterclaims.

38. XL denies each and every allegation contained in paragraph 38 of the Counterclaims.

39. XL denies each and every allegation contained in paragraph 39 of the Counterclaims.

40. XL denies each and every allegation contained in paragraph 40 of the Counterclaims.

41. XL denies each and every allegation contained in paragraph 41 of the Counterclaims.

COUNT II

42. XL repeats and realleges each response set forth in paragraphs 1 through 41 above.

43. XL admits that Refco paid a premium of $370,300 for the XL Policy and otherwise denies, on information and belief, the allegations in paragraph 43 of the Counterclaims.

44. Paragraph 44 states a legal conclusion as to which no response is appropriate.

45. XL denies each and every allegation contained in paragraph 45 of the Counterclaims.

46. XL denies each and every allegation contained in paragraph 46 of the Counterclaims.

47. XL denies each and every allegation contained in paragraph 47 of the Counterclaims.

48. XL denies each and every allegation contained in paragraph 48 of the Counterclaims.

49. XL denies each and every allegation contained in paragraph 49 of the Counterclaims.

50. Paragraphs 1 through 5 under the section Prayer for Relief requires no response. To the extent a response is required, XL denies the allegations in paragraphs 1 through 5 under the section Prayer for Relief. XL further denies that

Counterclaimants are entitled to any relief from XL, including but not limited to, the relief specifically sought in paragraphs 1 through 6 under the section Prayer for Relief.

**DEFENSES**

**FIRST DEFENSE**

51. Counterclaimants fail to state a claim for which relief can be granted against XL.

**SECOND DEFENSE**

52. Counterclaimants' claims against XL are or may be barred in whole or in part by the doctrine of unclean hands, laches, waiver, or estoppel.

**THIRD DEFENSE**

53. Counterclaimants are not entitled to coverage pursuant to the IRE, as that term is defined in the XL Complaint, which provides:

> In consideration of the premium charged, ***no coverage will be available*** under this Policy for Loss, including Defense Expenses, ***from Claims arising from any fact, circumstance or situation of which***, as of the effective date of this Policy, ***any Insured had knowledge*** and had ***reason to suppose might afford grounds for any Claim*** that would fall within the scope of the insurance afforded by this Policy.

(emphasis added), XL Policy, Endorsement No. 13.

**FOURTH DEFENSE**

54. Counterclaimants are not entitled to coverage for certain Underlying Matters that do not constitute a "Claim" as defined by the XL Policy.

**FIFTH DEFENSE**

55. Upon information and belief, Counterclaimants are not entitled to coverage for certain claims, because Counterclaimants failed to provide XL with notice of circumstances of such claims during the Policy Period.

**SIXTH DEFENSE**

56. Upon information and belief, Counterclaimants are not entitled to coverage for certain claims, because they were not first made against the insureds and/or reported to XL during the Policy Period.

**SEVENTH DEFENSE**

57. Counterclaimants' claims against XL are or may be barred in whole or in part to the extent that Counterclaimants seek coverage for matters that do not constitute "Claims… for a Wrongful Act." XL Policy, Insuring Agreement.

**EIGHTH DEFENSE**

58. Counterclaimants' claims against XL are barred because XL has a duty to advance only covered Defense Expenses.

**NINTH DEFENSE**

59. Counterclaimants' claims against XL are or may be barred in whole or in part to the extent that Counterclaimants seek coverage for amounts that do not constitute "Loss." XL Policy, Definitions (K).

**TENTH DEFENSE**

60. Counterclaimants' claims against XL are or may be barred in whole or in part to the extent that Counterclaimants are not an "Insured Person." XL Policy, Definitions (I).

**ELEVENTH DEFENSE**

61. Counterclaimants' claims against XL are or may be barred in whole or in part because XL "shall not pay Loss in connection with any Claim… brought about or contributed to in fact by any… intentionally dishonest, fraudulent, or criminal act or omission or any willful violation of any statute, rule, or law… as determined by a final adjudication in the underlying action or in a separate action or proceeding." XL Policy, Exclusions A(2)(i).

**TWELFTH DEFENSE**

62. Counterclaimants' claims against XL are or may be barred in whole or in part because XL "shall not pay Loss in connection with any Claim… brought about or contributed to in fact by any… profit or remuneration gained by any Insured Person to which such Insured Person is not legally entitled… as determined by a final adjudication in the underlying action or in a separate action or proceeding." XL Policy, Exclusions A(2)(ii).

**THIRTEENTH DEFENSE**

63. Counterclaimants' claims against XL are or may be barred in whole or in part because XL shall not pay Loss in connection with any Claim:

"(1) by, on behalf of, or at the direction of the Company, Outside Entity or any Insured Person, except and to the extent such Claim:

(i) is brought by a security holder of the Company or Outside Entity who, when such Claim is made and maintained is acting independently of, and without the solicitation, assistance, participation or intervention of the Company or any Outside Entity;

(ii) is brought by the Bankruptcy Trustee or Examiner of the Company or Outside Entity, or any assignee of such Trustee or Examiner, or any Receiver, Conservator, Rehabilitator, or Liquidator or comparable authority of the Company or Outside Entity;

(iii) is in the form of a crossclaim, third party claim or other claim for contribution or indemnity by an Insured Person which is part of or results directly from a Claim which is not otherwise excluded by the terms of this Policy; or

(iv) is an Employment Practices Claim."

XL Policy, Exclusions (A)(1) as amended by Endorsement No. 6.

**FOURTEENTH DEFENSE**

64. Counterclaimants' claims against XL are or may be barred in whole or in part by the Prior Acts Exclusion in Endorsement No. 2 of the XL Policy.

**FIFTEENTH DEFENSE**

65. Counterclaimants' claims against XL are or may be barred in whole or in part by the Pending and/or Prior Litigation Exclusion in Endorsement No. 7 of the XL Policy.

**SIXTEENTH DEFENSE**

66. Counterclaimants' claims against XL are or may be barred in whole or in part to the extent Plaintiffs have entered into written settlement in the Underlying Matters without obtaining XL's prior consent. XL Policy, Conditions (E).

**SEVENTEENTH DEFENSE**

67. Counterclaimants' claims against XL are or may be barred in whole or in part by the Assistance, Cooperation and Subrogation clause of the XL Policy. XL Policy, Conditions (F).

**EIGHTEENTH DEFENSE**

68. Counterclaimants' claims against XL are or maybe barred in whole or in part to the extent Counterclaimants are insured in connection with the Underlying Matters by other valid and collectible insurance. XL Policy, Conditions (B).

**NINETEENTH DEFENSE**

69. Upon information and belief, Counterclaimants' claims against XL are barred because Counterclaimants have fraudulently sought coverage under the XL

Policy with the knowledge that pursuant to the terms of the XL Policy, coverage is not available.

**TWENTIETH DEFENSE**

70. The binder is not an integrated document and any failure to include the IRE in the binder was a scrivener's error.

**TWENTY-FIRST DEFENSE**

71. The specified coverage provided under the XL Policy is subject to and limited by all of its terms, conditions and exclusions. There may be other terms, conditions and exclusions of the XL Policy that operate to bar or limit coverage for some or all of the amounts for which Counterclaimants seek coverage of which XL is presently unaware. XL reserves its right to raise affirmatively other terms, conditions and exclusions as defenses to coverage as appropriate.

Dated: New York, New York
August 14, 2008

Respectfully submitted,

BOUNDAS, SKARZYNSKI, WALSH & BLACK LLC

By: /s James Sandnes
James Sandnes (JS-8944)
One Battery Park Plaza, 32nd Floor
New York, NY 10004
(212) 820-7700

Attorneys for Plaintiff
XL Specialty Insurance Company