James A. Skarzynski (JS-1068)
James T. Sandnes (JS-8944)
Jill M. Levy (JL-6040)
Ari R. Magedoff (AM-1117)
BOUNDAS, SKARZYNSKI,
   WALSH & BLACK LLC
One Battery Park Plaza
New York, New York 10004
(212) 820-7700 (Telephone)
(212) 820-7740 (Facsimile)
jsandnes@bswb.com

Attorneys for XL Specialty Insurance Company

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

XL SPECIALTY INSURANCE COMPANY, :
 :
   Plaintiff, :
 :
   v. : No. 08-CV-3821 (GEL)
 :
JOHN D. AGOGLIA, PHILLIP R. BENNETT, :
LEO R. BREITMAN, EDWIN L. COX, :
SUKHMEET DHILLON, THOMAS H. :
DITTMER, NATHAN GANTCHER, STEPHEN :
GRADY, TONE GRANT, THOMAS HACKL, :
DAVID V. HARKINS, SCOTT L. JAECKEL, :
DENNIS A. KLEJNA, THOMAS H. LEE, :
ERIC G. LIPOFF, SANTO C. MAGGIO, : **REPLY TO COUNTERCLAIMS**
PETER MCCARTHY, JOSEPH MURPHY, : **OF DEFENDANTS**
FRANK MUTTERER, RONALD L. O'KELLEY, : **JOHN D. AGOGLIA AND**
RICHARD N. OUTRIDGE, SCOTT A. : **PETER MCCARTHY**
SCHOEN, WILLIAM M. SEXTON, GERALD :
SHERER, PHILIP SILVERMAN, AND :
ROBERT C. TROSTEN, :
 :
   Defendants. :
--------------------------------------------------------------x

Plaintiff and Counterclaim Defendant XL Specialty Insurance Company ("XL") replies to the counterclaims of Defendants and Counterclaim Plaintiffs John D. Agoglia and Peter McCarthy (collectively "Counterclaimants") as follows:

1. XL denies having knowledge or information sufficient to form the belief as to the truth of the allegations contained in paragraph 1 of the Counterclaims, except admits that XL issued a directors and officers management liability insurance policy number ELU089673-05 to Refco Inc. ("Refco") for the period of August 11, 2005 to August 11, 2006 (the "XL Policy"), which  states that the XL Policy is excess to all other insurance and that the XL Policy does not follow-form with the D&O tower, that Counterclaimants have been named in various civil actions related to the collapse of Refco and Counterclaimants have sought coverage from XL related to those litigations.

2. XL denies knowledge or information sufficient to form the belief as to the truth of the allegations contained in paragraph 2 of the Counterclaims, except admits that XL has denied coverage to the Insureds and commenced the captioned action, which Complaint speaks for itself and to the extent the allegations in paragraph 2 of the Counterclaims are inconsistent therewith, XL denies them.

3. XL denies each and every allegation contained in paragraph 3 of the Counterclaims.

4. With respect to the allegations contained in paragraph 4 of the Counterclaims, XL admits that there is a justiciable controversy and that Counterclaimant purports to seek a declaration from this Court that the XL Policy provides coverage; and denies that Counterclaimants are entitled to any relief.

5.      Paragraph 5 states a legal conclusion as to which no response is appropriate.

6.      XL admits the allegations contained in paragraph 6 of the Counterclaims.

7.      XL admits the allegations contained in paragraph 7 of the Counterclaims.

8.      XL admits the allegations contained in paragraph 8 of the Counterclaims.

9.      XL admits the allegations contained in paragraph 9 of the Counterclaims.

10.     XL admits the allegations contained in paragraph 10 of the Counterclaims.

11.     XL admits on information and belief that Refco issued a press release in October 10, 2005 and another press release on October 11, 2005, and respectfully refers the Court to those press releases for the contents thereof.

12.     XL admits, upon information and belief, that Refco and many of its direct and indirect subsidiaries filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code but denies that such filings were made in this Court.

13.     XL admits, on information and belief, that lawsuits were filed and refers to those lawsuits for the contents of their claims,  and respectfully refers the Court to the contents of the third superseding indictment (the "S3 Indictment") and the criminal information filed against Santo Maggio ("Maggio") (the "Criminal Information") for the contents thereof.

14.     XL admits, upon information and belief, that Maggio pled guilty to various federal charges in December 2007, Phillip Bennett ("Bennett") and Robert Trosten ("Trosten") pled guilty to various federal charges in February 2008 and that Tone Grant ("Grant") was found guilty of various federal charges in April 2008.

15.     XL denies having knowledge or information sufficient to form the belief as to the truth of the allegations contained in paragraph 15 of the Counterclaims, except admits, upon information and belief, Counterclaimants (along with other Insureds) were named as defendants in several civil lawsuits.

16.     XL admits that Counterclaimants requested coverage from XL and upon information and belief, requested coverage from the other insurers in the D&O tower and otherwise paragraph 16 states a legal conclusion as to which no response is appropriate.

17.     XL admits that the Refco procured a "tower" of D&O liability insurance coverage, and respectfully refers the Court to the primary policy and the excess policies for the contents thereof.

18.     XL admits, upon information and belief, that U.S. Specialty Insurance Company ("U.S. Specialty") issued a primary policy (the "U.S. Specialty Policy"), and respectfully refers the Court to the U.S. Specialty Policy for the contents thereof.

19.     XL respectfully refers the Court to the U.S. Specialty Policy for the contents thereof.

20.     XL denies knowledge or information sufficient to form the belief as to the truth of the allegations contained in paragraph 20 of the Counterclaims.

21.     XL admits, upon information and belief, that Lexington Insurance Company ("Lexington") issued a first excess policy (the "Lexington Policy"), and respectfully refers the Court to the Lexington Policy for the contents thereof.

22.     XL respectfully refers the Court to the Lexington Policy for the contents thereof.

23.     XL denies knowledge or information sufficient to form the belief as to the truth of the allegations contained in paragraph 23 of the Counterclaims.

24.     XL admits, upon information and belief, that Axis Reinsurance Company ("Axis") issued a second excess policy (the "Axis Policy"), and respectfully refers the Court to the Axis Policy for the contents thereof.

25.     XL respectfully refers the Court to the Axis Policy for the contents thereof.

26.     XL denies knowledge or information sufficient to form the belief as to the truth of the allegations contained in paragraph 26 of the Counterclaims, and respectfully refers the Court to the Order by the United States Bankruptcy Court for the Southern District of New York for the contents thereof.

27.     XL admits, upon information and belief, that Allied World Assurance Company ("AWAC") issued a third excess policy (the "AWAC Policy"), and respectfully refers the Court to the AWAC Policy for the contents thereof.

28.     XL respectfully refers the Court to the AWAC Policy for the contents thereof.

29.     XL denies knowledge or information sufficient to form the belief as to the truth of the allegations contained in paragraph 29 of the Counterclaims, and respectfully refers the Court to the Order by the United States Bankruptcy Court for the Southern District of New York for the contents thereof.

30.    XL admits, upon information and belief, that Arch Insurance Company ("Arch") issued a fourth excess policy (the "Arch Policy"), and respectfully refers the Court to the Arch Policy for the contents thereof.

31.    XL respectfully refers the Court to the Arch Policy for the contents thereof.

32.    XL denies knowledge or information sufficient to form the belief as to the truth of the allegations contained in paragraph 32 of the Counterclaims.

33.    XL admits, on information and belief, that the Counterclaimants have sought declarations of coverage from Arch and AWAC.

34.    XL admits that XL issued a directors and officers management liability policy with a policy period of August 11, 2005 to August 11, 2006 and a limit of liability of $20 million and that the XL Policy does not "follow form" to the U.S. Specialty Policy, and respectfully refers the Court to the XL Policy for the contents thereof.

35.    XL denies that any binder it issued that recited to the XL Policy constitutes an integrated or complete statement of the agreement and refers to the binder and the related correspondence for the contents thereof and the contract of insurance agreed to and otherwise denies the allegations in paragraph 35 of the Counterclaims.

36.    XL denies that any binder it issued that recited to the XL Policy constitutes an integrated or complete statement of the agreement and refers to the binder and the related correspondence for the contents thereof and the contract of insurance agreed to and otherwise denies the allegations in paragraph 36 of the Counterclaims.

37.    XL admits that it was paid a premium of $370,300 but XL denies that any binder it issued that recited to the XL Policy constitutes an integrated or complete

statement of the agreement and refers to the binder and the related correspondence for the contents thereof and the contract of insurance agreed to and otherwise denies the allegations in paragraph 37 of the Counterclaims.

38.    XL admits, upon information and belief, that the XL Policy incepted on August 11, 2005 and that is was issued in December 2005, and respectfully refers the Court to the XL Policy for the contents thereof.

39.    XL respectfully refers the Court to the Underlying Actions, as that term is defined in the Counterclaims, for the contents thereof and otherwise denies the allegations in paragraph 39 of the Counterclaims.

40.    XL respectfully refers the Court to the XL Policy for the contents thereof.

41.    XL respectfully refers the Court to the XL Policy for the contents thereof.

42.    XL denies each and every allegation contained in paragraph 42 of the Counterclaims.

43.    XL respectfully refers the Court to the XL Policy for the contents thereof.

44.    XL respectfully refers the Court to the XL Policy for the contents thereof.

45.    XL denies each and every allegation contained in paragraph 45 of the Counterclaims.

46.    XL respectfully refers the Court to the XL Policy for the contents thereof.

47.    XL admits that XL has denied coverage for the Underlying Matters, and otherwise XL respectfully refers the Court to the January 24, 2006 letter for the contents thereof.

48.     XL respectfully refers the Court to the January 24, 2006 letter for the contents thereof.

49.     XL respectfully refers the Court to the January 24, 2006 letter for the contents thereof.

50.     XL denies each and every allegation contained in paragraph 50 of the Counterclaims.

51.     XL denies each and every allegation contained in paragraph 51 of the Counterclaims.

52.     XL denies each and every allegation contained in paragraph 52 of the Counterclaims.

53.     XL denies each and every allegation contained in paragraph 53 of the Counterclaims.

54.     XL respectfully refers the Court to the XL Policy for the contents thereof.

55.     XL denies each and every allegation contained in paragraph 55 of the Counterclaims.

56.     XL respectfully refers the Court to the January 24, 2006 letter for the contents thereof.

57.     XL admits that it has denied coverage for the Underlying Matters, and otherwise XL respectfully refers the Court to the March 6, 2006 letter for the contents thereof.

58.     XL admits that it has denied coverage for the Underlying Matters, and otherwise XL respectfully refers the Court to the March 6, 2006 letter for the contents thereof.

59.     XL admits that it has denied coverage to the Insureds and commenced the captioned action, which Complaint speaks for itself.

60.     XL respectfully refers the Court to the Complaint, which speaks for itself.

61.     XL admits that no coverage for any Loss is afforded to any Insured with respect to the Underlying Matters, and otherwise respectfully refers the Court to the Complaint, which speaks for itself.

## COUNT I

62.     XL repeats and realleges each response set forth in paragraphs 1 through 61 above.

63.     XL denies each and every allegation contained in paragraph 63 of the Counterclaims.

64.     XL admits that it has denied coverage under the XL Policy and otherwise denies each and every allegation contained in paragraph 64 of the Counterclaims.

65.     XL admits that Refco paid a premium of $370,300 for the XL Policy and otherwise denies, on information and belief, the allegations in paragraph 65 of the Counterclaims.

66.     XL denies each and every allegation contained in paragraph 66 of the Counterclaims.

67.    Paragraph 67 states a legal conclusion as to which no response is appropriate.

68.    XL denies each and every allegation contained in paragraph 68 of the Counterclaims.

69.    XL respectfully refers the Court to the January 24, 2006 letter for the contents thereof, and otherwise denies the allegations in paragraph 69 of the Counterclaims.

70.    XL denies each and every allegation contained in paragraph 70 of the Counterclaims.

71.    XL denies each and every allegation contained in paragraph 71 of the Counterclaims.

72.    XL denies each and every allegation contained in paragraph 72 of the Counterclaims.

73.    XL denies each and every allegation contained in paragraph 73 of the Counterclaims.

74.    XL denies having knowledge or information sufficient to form the belief as to the truth of the allegations contained in paragraph 74 of the Counterclaims.

75.    XL respectfully refers the Court to the contents of the January 24, 2006 letter for the contents thereof.

76.    XL denies each and every allegation contained in paragraph 76 of the Counterclaims.

77.    XL admits the allegations in paragraph 77 of the Counterclaims.

78.    XL denies each and every allegation contained in paragraph 78 of the Counterclaims.

## COUNT II

79.    XL repeats and realleges each response set forth in paragraphs 1 through 78 above.

80.    XL denies each and every allegation contained in paragraph 80 of the Counterclaims.

81.    XL denies each and every allegation contained in paragraph 81 of the Counterclaims.

## COUNT III

82.    XL repeats and realleges each response set forth in paragraphs 1 through 81 above.

83.    XL denies each and every allegation contained in paragraph 83 of the Counterclaims.

84.    XL admits that it has denied coverage under the XL Policy and otherwise denies each and every allegation contained in paragraph 84 of the Counterclaims.

85.    XL admits that Refco paid a premium of $370,300 for the XL Policy and otherwise denies, on information and belief, the allegations in paragraph 85 of the Counterclaims.

86.    XL denies each and every allegation contained in paragraph 86 of the Counterclaims.

87.    Paragraph 87 states a legal conclusion as to which no response is appropriate.

88.    XL denies each and every allegation contained in paragraph 88 of the Counterclaims.

89.    XL denies each and every allegation contained in paragraph 89 of the Counterclaims.

90.    XL denies each and every allegation contained in paragraph 90 of the Counterclaims.

91.    XL denies each and every allegation contained in paragraph 91 of the Counterclaims.

92.    Paragraphs 1 through 6 under the section Prayer for Relief requires no response.  To the extent a response is required, XL denies the allegations in paragraphs 1 through 6 under the section Prayer for Relief.  XL further denies that Counterclaimants are entitled to any relief from XL, including but not limited to, the relief specifically sought in paragraphs 1 through 6 under the section Prayer for Relief.

## DEFENSES

### FIRST DEFENSE

93.    Counterclaimants fail to state a claim for which relief can be granted against XL.

### SECOND DEFENSE

94.    Counterclaimants' claims against XL are or may be barred in whole or in part by the doctrine of unclean hands, laches, waiver, or estoppel.

**THIRD DEFENSE**

95.     Counterclaimants are not entitled to coverage pursuant to the IRE, as that

term is defined in the XL Complaint, which provides:

> In consideration of the premium charged, ***no coverage will be
> available*** under this Policy for Loss, including Defense Expenses,
> ***from Claims arising from any fact, circumstance or situation of
> which***, as of the effective date of this Policy, ***any Insured had
> knowledge*** and had ***reason to suppose might afford grounds for any
> Claim*** that would fall within the scope of the insurance afforded by
> this Policy.

(emphasis added), XL Policy, Endorsement No. 13.

**FOURTH DEFENSE**

96.     Counterclaimants are not entitled to coverage for certain Underlying

Matters that do not constitute a "Claim" as defined by the XL Policy.

**FIFTH DEFENSE**

97.     Upon information and belief, Counterclaimants are not entitled to

coverage for certain claims, because Counterclaimants failed to provide XL with notice

of circumstances of such claims during the Policy Period.

**SIXTH DEFENSE**

98.     Upon information and belief, Counterclaimants are not entitled to

coverage for certain claims, because they were not first made against the insureds

and/or reported to XL during the Policy Period.

## SEVENTH DEFENSE

99.     Counterclaimants' claims against XL are or may be barred in whole or in part to the extent that Counterclaimants seek coverage for matters that do not constitute "Claims… for a Wrongful Act."  XL Policy, Insuring Agreement.

## EIGHTH DEFENSE

100.     Counterclaimants' claims against XL are barred because XL has a duty to advance only covered Defense Expenses.

## NINTH DEFENSE

101.     Counterclaimants' claims against XL are or may be barred in whole or in part to the extent that Counterclaimants seek coverage for amounts that do not constitute "Loss."  XL Policy, Definitions (K).

## TENTH DEFENSE

102.     Counterclaimants' claims against XL are or may be barred in whole or in part to the extent that Counterclaimants are not an "Insured Person."  XL Policy, Definitions (I).

## ELEVENTH DEFENSE

103.     Counterclaimants' claims against XL are or may be barred in whole or in part because XL "shall not pay Loss in connection with any Claim… brought about or contributed to in fact by any… intentionally dishonest, fraudulent, or criminal act or omission or any willful violation of any statute, rule, or law… as determined by a final adjudication in the underlying action or in a separate action or proceeding."  XL Policy, Exclusions A(2)(i).

## TWELFTH DEFENSE

104.    Counterclaimants' claims against XL are or may be barred in whole or in part because XL "shall not pay Loss in connection with any Claim… brought about or contributed to in fact by any… profit or remuneration gained by any Insured Person to which such Insured Person is not legally entitled… as determined by a final adjudication in the underlying action or in a separate action or proceeding."  XL Policy, Exclusions A(2)(ii).

## THIRTEENTH DEFENSE

105.    Counterclaimants' claims against XL are or may be barred in whole or in part because XL shall not pay Loss in connection with any Claim:

"(1) by, on behalf of, or at the direction of the Company, Outside Entity or any Insured Person, except and to the extent such Claim:

(i)    is brought by a security holder of the Company or Outside Entity who, when such Claim is made and maintained is acting independently of, and without the solicitation, assistance, participation or intervention of the Company or any Outside Entity;

(ii)    is brought by the Bankruptcy Trustee or Examiner of the Company or Outside Entity, or any assignee of such Trustee or Examiner, or any Receiver, Conservator, Rehabilitator, or

Liquidator or comparable authority of the

Company or Outside Entity;

(iii)    is in the form of a crossclaim, third party claim

or other claim for contribution or indemnity by

an Insured Person which is part of or results

directly from a Claim which is not otherwise

excluded by the terms of this Policy; or

(iv)    is an Employment Practices Claim."

XL Policy, Exclusions (A)(1) as amended by Endorsement No. 6.

### FOURTEENTH DEFENSE

106.    Counterclaimants' claims against XL are or may be barred in whole or in part by the Prior Acts Exclusion in Endorsement No. 2 of the XL Policy.

### FIFTEENTH DEFENSE

107.    Counterclaimants' claims against XL are or may be barred in whole or in part by the Pending and/or Prior Litigation Exclusion in Endorsement No. 7 of the XL Policy.

### SIXTEENTH DEFENSE

108.    Counterclaimants' claims against XL are or may be barred in whole or in part to the extent Plaintiffs have entered into written settlement in the Underlying Matters without obtaining XL's prior consent.  XL Policy, Conditions (E).

## SEVENTEENTH DEFENSE

109.    Counterclaimants' claims against XL are or may be barred in whole or in part by the Assistance, Cooperation and Subrogation clause of the XL Policy.  XL Policy, Conditions (F).

## EIGHTEENTH DEFENSE

110.    Counterclaimants' claims against XL are or maybe barred in whole or in part to the extent Counterclaimants are insured in connection with the Underlying Matters by other valid and collectible insurance.  XL Policy, Conditions (B).

## NINETEENTH DEFENSE

111.    Upon information and belief, Counterclaimants' claims against XL are barred because Counterclaimants have fraudulently sought coverage under the XL Policy with the knowledge that pursuant to the terms of the XL Policy, coverage is not available.

## TWENTIETH DEFENSE

112.    The binder is not an integrated document and any failure to include the IRE in the binder was a scrivener's error.

## TWENTY-FIRST DEFENSE

113.    The specified coverage provided under the XL Policy is subject to and limited by all of its terms, conditions and exclusions.  There may be other terms, conditions and exclusions of the XL Policy that operate to bar or limit coverage for some or all of the amounts for which Counterclaimants seek coverage of which XL is

presently unaware.  XL reserves its right to raise affirmatively other terms, conditions

and exclusions as defenses to coverage as appropriate.

Dated:          New York, New York
                August 14, 2008


                        Respectfully submitted,

                        BOUNDAS, SKARZYNSKI, WALSH &
                          BLACK LLC

                        By:  __/s James Sandnes_____
                                 James Sandnes (JS-8944)
                        One Battery Park Plaza, 32nd Floor
                        New York, NY 10004
                        (212)  820-7700

                        Attorneys for Plaintiff
                          XL Specialty Insurance Company